898 F.2d 146
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
MARTIN MARIETTA CORPORATION, Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent.
 No. 89-1467.
 United States Court of Appeals, Fourth Circuit.
 Argued: Feb. 7, 1990.
Decided: March 5, 1990.
 
 On Petition for Review and Cross-Application for Enforcement of an Order of the National Labor Relations Board.
 Richard L. Wyatt, Akin, Gump, Strauss, Hauer & Feld, Washington, D.C., for petitioner.
 Linda Jill Dreeben, Supervisory Attorney, National Labor Relations Board, Washington, D.C., for respondent. On Brief: Victoria A. Higman, Allen R. Ferguson, Jr., Akin, Strauss, Hauer & Feld, Washington, D.C.; Frank H. Menaker, Jr., W. Bruce Swain, Martin Marietta Corporation, Bethesda, Maryland, for petitioner.
 Jerry M. Hunter, General Counsel, Robert E. Allen, Associate General Counsel, Aileen A. Armstrong, Deputy Associate General Counsel, Karen Arndt, National Labor Relations Board, Washington, D.C., for respondent.
 NLRB
 AFFIRMED.
 Before CHAPMAN and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Martin Marietta Corporation petitions this court to review the Decision and Order of the National Labor Relations Board, which found that the company violated Sec. 8(a)(1) of the National Labor Relations Act (29 U.S.C. Sec. 158(a)(1)) by suspending and discharging Milan Davich, whom the Board found to be engaged in protected concerted activity by posting a notice requesting co-workers to join him in discussing workplace safety with the local news media. Petitioner contends that the Board's decision and order is not supported by substantial evidence, that the Board's order departs from controlling precedent, that Davich's complaint was motivated by a personal vendetta against the company, that the Board failed to construe Sec. 7 of the Act in a manner that accommodates Sec. 9(a), and that Davich's conduct was disruptive of employee discipline and morale, potentially damaging to the company's public image, and disloyal, so as to make his discharge lawful.
 
 
 2
 We have carefully studied the briefs and the record, and we have considered the able oral arguments made by both sides. We find the Decision and Order of the Board to be supported by substantial evidence, and we find no error in the application of the law. Therefore, we affirm the Decision and Order of the Board dated April 20, 1989, which adopted the Findings and Conclusions of the Administrative Law Judge.
 
 
 3
 AFFIRMED.